# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC., *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>      *Defendants*. | Case No. 1:25-cv-00164-JMC |
| JERALD LENTINI, *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF GOVERNMENT EFFICIENCY, *et al.*,<br><br>      *Defendants*. | Case No. 1:25-cv-00166-JMC |
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, *et al*,<br><br>      *Defendants*. | Case No. 1:25-cv-00167-JMC |

**MOTION TO CONSOLIDATE CASES**

The government respectfully moves under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate for all purposes before this Court *Public Citizen, Inc., et al. v. Trump, et al.*, No. 1:25-cv-00164-JMC, *Lentini, et al. v. Department of Government Efficiency, et al.*, No. 1:25-cv-00166-

JMC, and *American Public Health Association, et al. v. Office of Management and Budget, et al.*, No. 1:25-cv-00167-JMC  In all three cases, plaintiffs contend that the Department of Government Efficiency (DOGE) is an advisory committee within the meaning of the Federal Advisory Committee Act (FACA), 5 U.S.C. §§ 1001 et seq., and that the requirements of that statute have not been satisfied.  Consolidation is appropriate because, despite minor differences among the three cases, all three actions present the same central legal issue.  Consolidation would thus serve the interests of judicial economy.  Additionally, because all three actions are at the same early stage of litigation, consolidation of these actions will not result in prejudice to any plaintiff.

Pursuant to Local Civil Rule 7(m), counsel for the government contacted counsel for plaintiffs in each case.  Plaintiffs in the three cases indicated that they oppose consolidation.[1]

## BACKGROUND

On January 20, 2025, plaintiffs in *Public Citizen*, *Lentini*, and *American Public Health Association* all filed suit, alleging that DOGE is an advisory committee under FACA and that the requirements of that statute have not been satisfied.  *See Public Citizen*, ECF No. 1, ¶¶ 56–60; *Lentini*, ECF No. 1, ¶¶ 89–148; *American Public Health Ass'n*, ECF No. 1, ¶¶ 99–128. Plaintiffs have designated all three cases as related to each other, and all three have been assigned to this Court, though they remain separate cases.  The government has not yet filed responses to the complaints in any of the three cases.

## ARGUMENT

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "a district court has authority to order consolidation when actions involving 'a common question of law or fact' are pending before

---

[1] Counsel for plaintiffs indicated that they are willing to coordinate scheduling across the three cases.  The government appreciates opposing counsel's willingness in that respect but still believes that consolidation would provide for more efficient handling of these cases.

the court. Consolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court, which may consolidate related cases[.]" *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). "To determine whether consolidation is appropriate, a court should consider both equity and judicial economy." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009); *see Judicial Watch, Inc. v. U.S. Dep't of Energy*, 207 F.R.D. 8, 8 (D.D.C. 2002) (consolidation is appropriate where "the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation"); *Am. Postal Workers Union v. USPS*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) ("courts weigh considerations of convenience and economy against considerations of confusion and prejudice" in deciding whether to consolidate actions (quoting *Chang v. United States*, 217 F.R.D. 262, 266 (D.D.C. 2003))). So long as there is any common question of law or fact, consolidation remains appropriate even in the presence of some differences between the cases. *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011) (finding consolidation appropriate where, despite differences, "there are extensive common questions of law and fact"); *see also id.* at 286 ("[C]ases may be consolidated . . . where, as here, the plaintiffs are different but are asserting identical questions of law against the same defendant.").

The primary question in each of the three cases is whether the DOGE is an advisory committee subject to FACA, and, if so, whether the requirements of the statute are satisfied. Given the narrowness of the legal issues and their nearly identical nature, consolidation of these cases will avoid duplicative review of the issues and serve the interest of judicial economy. *See Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 43 (D.D.C. 2000) (consolidating two actions brought by different plaintiffs because they both challenged essentially the same agency action); *Judicial*

*Watch*, 207 F.R.D. at 9 (consolidating two FOIA cases concerning "essentially identical" FOIA requests because the "records released, withheld and redacted by the [agency] and the attendant legal issues most likely will be the same in both cases"). Even if one or more plaintiffs were to amend their complaint, the primary issue remains the applicability of FACA. Consolidating the cases, moreover, does not deprive any plaintiff of the opportunity to respond to the government's anticipated motion to dismiss. Rather, consolidation assists the Court by allowing for a more efficient presentation of the issues.

Consolidation also will not prejudice any party. Each of these lawsuits is in its earliest stages: all three cases were filed on January 20, and the deadlines for government's responses are weeks away. As the government has not yet responded to the complaints in any of the three cases, there can be no prejudice if the cases are consolidated. Moreover, the question of whether consolidation is appropriate is wholly distinct from any question regarding the merits of the case. *See* Fed. R. Civ. P. 42(a). As a matter of efficient administration, it makes sense to address all issues arising in the litigation in one consolidated case, on one schedule, rather than in three different cases with three sets of motions. *Cf. Hanson*, 257 F.R.D. at 21 ("If savings of expense and gains of efficiency can be accomplished without sacrifice of justice, a court may find the actions merit consolidation.") (quotation marks omitted). If the cases are not consolidated, the government would needlessly be required to devote additional resources to briefing in three separate but substantially identical cases. In addition—although the government believes it is likely to prevail at the motion to dismiss stage—to the extent this case proceeds to discovery, keeping the three cases separate could result in the government receiving multiple sets of burdensome discovery requests.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court consolidate

*Public Citizen*, *Lentini*, and *American Public Health Association* for all purposes. Defendant will file, contemporaneously with this motion, a notice in those cases attaching this motion.

  DATED: February 4, 2025	Respectfully submitted,

                                            BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS (D.C. Bar No. 988057)
Senior Trial Counsel
ANNA L. DEFFEBACH (D.C. Bar. No. 241346)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 305-0878
Facsimile: (202) 616-8470
Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00164-JMC |
| JERALD LENTINI, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF GOVERNMENT EFFICIENCY, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00166-JMC |
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> OFFICE OF MANAGEMENT AND BUDGET, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00167-JMC |

**[PROPOSED] ORDER**

Upon consideration of the government's motion to consolidate before this Court *Public Citizen, Inc., et al. v. Trump, et al.*, No. 1:25-cv-00164-JMC, *Lentini, et al. v. Department of Government Efficiency*, No. 1:25-cv-00166-JMC, and *American Public Health Association, et al. v. Office*

*of Management and Budget, et al.*, No. 1:25-cv-00167-JMC, the government's motion is GRANTED.  The three cases are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

    SO ORDERED.


Dated: _____        _____
                                                                           Hon. Jia M. Cobb
                                                                          United States District Judge